Hall  v.  Meriwether.

---

JOSHUA  J.  HALL  AND  WIFE  v.  FRANCIS  L.  MERIWETHER.

Where a cotton gin was sold in the Spring of the year, upon condition that it should perform to the satisfaction of the purchaser when tried, there being no evidence to the contrary, it was held that the trial contemplated was to be after the commencement of the next cotton picking, and that notice given in October, by the purchaser, that he would not keep the gin, was in time.

Appeal from Houston.   Tried below before Hon. John H. Reagan.

The gin was delivered to Meriwether by Hall late in the Spring, and Meriwether notified Hall that it would not perform and that he would not keep it, in October thereafter. The other facts are stated in the Opinion.

*J. J. Hall,* for appellants, argued that the appellee had not given notice of his election in due time.

*W. M. Taylor,* for appellee.

HEMPHILL, CH. J.   Hall and wife brought suit against Meriwether on account for the rent of land and the value of a cotton gin.   Meriwether pleaded a medical account in set off, and that he did not purchase the cotton gin, but by agreement, was to try the gin, and if it answered the purpose he would purchase ; that the gin, on trial, was found to be worthless, and he immediately notified the plaintiff of the fact, and requested him to take it away ; that he had not used nor been able to use said gin.   By agreement, the cause was referred to the arbitration of two of the attorneys in the cause.   The arbitrators reported that they had agreed as to all the account between the parties except as to the gin-stand ; that the plaintiffs were indebted to the defendant in the sum of fifteen 46-100 dollars ; and by consent of parties, the dispute as to the gin

was referred to the Court, with the papers and evidence. The Court decreed that the plaintiffs were entitled to the gin-stand, and that they should not recover its value from the defendant. Judgment for the fifteen 46-100 dollars in favor of the defendant was also entered.

Several witnesses were examined with reference to the disputed item about the gin-stand. The evidence established beyond any reasonable doubt, that the defendant had not made an absolute purchase of the gin, but had taken it on trial; and the great weight of the evidence was that the gin was worthless, or could not be made to run without considerable alterations, and that consequently the defendant was under no legal obligation to accept or pay for it.

Judgment affirmed.